[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage brought to the Waterbury Superior Court.
The parties were married at Oakville, Connecticut on April 5, 1974. They each have resided in Connecticut for more than one year prior to the commencement of this action. The court has the requisite jurisdiction to proceed to judgment in this action. CT Page 5914
The court heard evidence and testimony at trial. Having considered the evidence and testimony elicited at trial and having considered the provisions of Sections 46b-81, 46b-82, and46b-84, Conn. General Statutes and all other relevant statutes, the court makes the following findings and orders.
The marriage of the parties has broken down irretrievable without prospect of reconciliation.
The parties have one minor child that is issue of the marriage, namely, Brandy Divito, born February 1, 1982. She currently resides with the plaintiff and is a high school sophomore. The parties have one other child, Kyle who is no longer a minor and he attends the University of New Haven.
The plaintiff is 43 years old and enjoys reasonably good health with the exception of bouts of depression for which she is in counseling and for which she takes Prozac and Xanax as needed. She is a high school graduate. She is currently employed at Marion Manufacturing where she operates a small press machine for about 36 or 37 hours per week. She had not worked outside the home until approximately five years ago. According to her financial affidavit, she grosses $358.00 per week and nets approximately $281.00. She also reports rental income in the net amount of $116.00 per week.
The plaintiff is now a licensed phlebotomist. She testified that she has made attempts to obtain employment in local laboratories and doctors' offices. At the time of trial she had not yet found full time employment in that field. She estimated that it would pay approximately $10.00 to $12.00 per hour.
The plaintiff received a $20,000.00 share of a wrongful death award to the estate of her late father. She testified that she hoped to use those funds for college expenses of her son and added that the defendant has told her that he doesn't have money for the son's college education.
The defendant is 44 years old and is employed on a full time basis as a non-union crane operator with Industrial Riggers. He has a total of 14 years experience with Industrial Riggers. He advanced to his current position after being a laborer, truck driver and mechanic, all with no formal training. He started working after completing one year of high school. CT Page 5915
According to his affidavit, he earns, on average, $1074.00 per week with overtime, and nets approximately $723.00 per week. His net weekly income is approximately $809.00 if his contribution to his 401(k) plan through his employer is added back in.
The defendant testified that he enjoys good health and that he has never been refused life insurance. He last obtained life insurance through his prior employer in the amount of $250,000.00. He added that he realizes the importance of insurance on his life is for the benefit of his minor child.
The defendant testified that in 1976, approximately two years into their marriage, the parties separated for five months. The defendant conceded that it was precipitated by his anger and shouting, pushing and grabbing which left the plaintiff black and blue and drove her back to her father's home. The parties then reconciled and lived together for the next twenty years. He mentioned something about becoming jealous of the plaintiff's relationship with another man, but offered no evidence or testimony to substantiate that she had ever been unfaithful to him.
In 1996, the defendant had an affair and left his family for another woman. He admitted that fact at trial. Up until that testimony he had repeatedly denied that fact when asked by the plaintiff on more than one occasion more than a year before she started this action.
Approximately four years ago the plaintiff felt that the marriage was coming apart. Her parents were gravely ill and she spent considerable time caring for them. In 1996, the plaintiff became aware of the fact that the defendant was seeing another woman. The plaintiff confronted the defendant at the girlfriend's home, but was run off by the girlfriend's children who pelted her car with eggs. Before leaving, the parties had a physical confrontation wherein the defendant put his hands on the plaintiff's neck and she slapped him.
That was not the first episode of physical violence between the parties. As previously noted, throughout the marriage there was pushing and arm squeezing by the defendant on various occasions and that her father interceded with the defendant to more or less put an end to that. CT Page 5916
The defendant also testified that in the recent past he liquidated two certificates of deposit, one worth $5,000.00 and another worth $4,000.00. He said he used the money for gifts, car repairs, a vacation. He also used $3,500.00 for his own counsel fees.
The court finds that the defendant's conduct is the sole cause for the breakdown of the marriage.
ORDERS
I. CUSTODY AND SUPPORT
The parties are to have joint legal custody of their minor daughter, Brandy Divito, born February 1, 1982. Primary custody shall be in the plaintiff-mother and the defendant-father shall have reasonable, liberal and flexible visitation rights.
The defendant shall pay to the plaintiff the sum of $170.00 per week as support for said minor child. The defendant shall also maintain medical insurance for the benefit of said minor child. Any unreimbursed medical, dental, orthodontia, prescription or counseling expenses incurred for the benefit of the minor child shall be shared by the parties as follows: sixty (60%) percent by the defendant and forty (40%) percent by the plaintiff. The provisions of Sec. 46b-84, Conn. Gen. Statutes shall apply.
II. ALIMONY
1. The defendant is ordered to pay to the plaintiff the sum of $240.00 per week as periodic alimony. Said alimony shall terminate upon the earliest of the following events:
a. the death of either party;
b. the remarriage of the plaintiff;
c. cohabitation by the plaintiff as that term is defined by statute;
d. six years from the date of this judgment.
The provisions of Sec. 46b-86(a) are applicable. Alimony shall be paid for a period of six years and is nonmodifiable as CT Page 5917 to term except as provided hereinabove. It is modifiable as to amount. In accordance with Sec. 46b-82, Conn. General Statutes, by way of security for the payment of said alimony, the court grants to the plaintiff a lien on the defendant's Industrial Riggers 401(k) pension plan which shall remain in effect until the alimony obligation ends.
III. PROPERTY DIVISION
A. Real Estate
1. The defendant shall convey to the plaintiff all of his right, title and interest in and to the marital residence located at 15 Short Street, Oakville, Connecticut, except he shall have an equitable lien on said property in an amount equal to thirty-five (35%) percent of the net sales price of said residence pursuant to the following orders.
The plaintiff shall assume and hold the defendant harmless from the current first mortgage and from the costs of said residence including the Watertown sewer lien except as set forth hereinbelow.
The residence shall be listed for sale by the plaintiff or her estate at any time after the date of this judgment, but no later than on the earliest happening of the following events: the death of the plaintiff; her remarriage; or the attainment of the age of majority by the parties' minor child. The net proceeds from such sale shall be the amount remaining after payment of the current mortgage, taxes, and water liens, if any, as well as the costs of such sale including commissions and reasonable attorney's fees. The net proceeds of sale shall be divided as follows: Sixty-five (65%) percent to the plaintiff and thirty-five (35%) to the defendant.
The parties shall have the right to sell the residence prior to the aforementioned events if they can so agree.
B. Personal Property
1. All furnishings and personal property in the marital residence are awarded solely to the plaintiff including the John Deere lawnmower. The defendant shall have a right to his personal effects, his clothing, his motorcycle, and the Yamaha quad. CT Page 5918
2. Each party shall retain the bank accounts listed on their financial affidavits.
3. The defendant shall retain his 401(k) pension plan with Industrial Riggers, subject to the lien in favor if the plaintiff recited hereinabove.
4. The plaintiff shall have title to the 1987 Mercedes and the defendant shall have title to the 1991 Chevrolet. Each shall hold the other harmless from any obligations thereon.
C. MISCELLANEOUS ORDERS
1. The defendant shall cooperate with the plaintiff in her effort to obtain medical insurance under COBRA as it may be available through his employer. The plaintiff shall be responsible for the cost of such insurance.
2. The defendant shall maintain insurance on his life in the amount of $75,000.00 for the benefit of the minor child for so long as his child support obligation shall continue.
3. The defendant shall contribute $2,500.00 to the plaintiff for the Watertown sewer lien within 90 days of this judgment.
4. The defendant shall pay to the plaintiff's attorney the sum of $2,000.00 within 120 days as contribution toward said counsel fees.
Having found that the marriage of the parties has broken down irretrievably, the court here decrees that the marriage of the parties is dissolved and they are single and unmarried.
By the Court, Joseph W. Doherty, Judge